Straub v. Silber

*Henderson, Wetherill & O'Hey,* for plaintiff.

*Duffy, McTighe & McElhone,* for defendant.

*High, Swartz, Childs & Roberts,* for additional defendant.

*Waters, Cooper & Gallagher,* for witness.

DANNEHOWER, P. J., March 29, 1960.—This is a trespass action brought by plaintiff, Russell B. Straub, against the original defendant, Richard Silber, and the additional defendant, Frank Cerami, Jr. The action arises out of an automobile accident which occurred on June 12, 1955, in Montgomery County.

This application for a compelling order arises out of the refusal of Doctor William T. Donner to answer certain questions asked of him at the time of his depositions on August 26, 1959. Dr. Donner, a psychiatrist, had treated the minor plaintiff from December 27, 1955, to the time the deposition was taken. The deposition was taken at the request of counsel for defendant and Dr. Donner was represented by his own counsel. Dr. Donner answered all questions relating to his examination, diagnosis and treatment of plaintiff as well as his prognosis concerning plaintiff's condition.

During the course of the deposition, defendant's counsel asked the following questions of Dr. Donner:

Question: "You indicated in this letter to Doctor Appel that at the time of the accident, 'Patient was worked up neurologically, with all negative findings except for an electroencephalogram which apparently is a clinical abnormality.' Do I get from that statement that as far as your investigation is concerned of the findings that were made after the automobile accident in June, that there were no objective findings as far as injury in the automobile accident was concerned, insofar as they related to the condition for which you treated him?"

Question: "In your opiinon, did the accident have anything to do with this schizophrenia?"

Question: "On the record, I think I did ask a positive question. So we will put it on the record, and you can object to it. That will raise the issue. Doctor, you ascertained from your diagnosis of this man's condition, this boy's condition, that he was schizophrenic. You also were made aware of the fact that as part of his history he was involved in an automobile accident in June of 1955, approximately more than six months prior to the time he was admitted to the Abington Hospital, you were advised. I take it, also, that in this accident he suffered some kind of an injury or may have suffered some kind of an injury. Now, in your opinion, is there any direct, causal relationship between the alleged automobile accident and the injury which occurred therein and the schizophrenia, which you diagnosed his condition as being?"

Question: "Have the symptoms of illness that he has shown since you first examined him in 1955 shown anything other than psychiatry difficulties?"

Question: "In taking the history of this patient, do I understand it is correct medical practice to take his history back through his childhood, as well as the immediate facts in his life prior to the consultation?"

Question: "Tell me, is schizophrenia caused by a traumatic brain injury?"

On the advice of counsel, Dr. Donner refused to answer these questions for the reason that they called for an expert opinion.

It is the contention of defendant that under the 1954 amendment to the Rules of Civil Procedure, Dr. Donner should be required to answer these questions.

Pa. R. C. P. 4007 reads as follows:

"(a) Any party may take the testimony of any person, including a party, for the purpose of discovery by deposition upon oral examination or written interrogatories of the identity and whereabouts of witnesses. Subject to the limitations provided by Rule 4011, the deponent may also be examined *regarding any matter, not privileged,* which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case." (Italics supplied).

It is clear that prior to the 1954 amendments to the Pennsylvania Rules of Civil Procedure, discovery by way of depositions or interrogatories was limited to discovery of "facts": Fetterolf v. Levick, 80 D. & C. 523, 526 (1952). Defendants contend that the 1954 amendment, allowing examination on "any matter", broadens the scope of rule 4007, to include opinions as well as facts. We agree with this contention. Unless this is the case, we can ascribe no meaning to this legislative change in language. We are further reinforced in this opinion by the clear intention of the legislature to give the amended rules a more liberal construction than that prevailing before 1954: Klein v. Commonwealth, 104 Pitts. L. J. 471 (1956) ; Bealla v. Zuba, 4 D. & C. 2d 545 (1955). Under this interpretation, it is not necessary to determine whether the questions put to Dr. Donner requested facts or opinion.

Read together, rules 4007 and 4011 permit examination by depositions on any subject, but for the procedurally recognized objections which their language

sets forth: Klein v. Commonwealth, supra; Bealla v. Zuba, supra; Lippincott v. Graham, 3 Bucks 16. Plaintiff and counsel for Dr. Donner do not attack the questions posed by defendants on any of these procedurally recognized grounds. This court cannot legislate additional grounds for a deponent's justified refusal to answer. Therefore we grant the application for a compelling order under Pa. R. C. P. 4019(b).

### Order

And now, March 29, 1960, the application for a compelling order under Pa. R. C. P. 4019(b) is granted.